# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**LUIS A. VILLAFANE ORTA,**

      **Plaintiff,**

**v.**                                                        **Case No:  6:16-cv-1309-Orl-41DCI**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## AMENDED REPORT AND RECOMMENDATION

**I.  BACKGROUND.**

On July 21, 2016, Plaintiff, proceeding *pro se*, filed a complaint against the Commissioner of Social Security (Commissioner) appealing the Commissioner's final decision.  Doc. 1.  On August 1, 2016, Plaintiff filed an Application to Proceed in District Court without Prepaying Fees or Costs, which the Court construed as a motion for leave to proceed *in forma pauperis* (Motion). Doc. 5.  On August 2, 2016, the Court entered an order granting the Motion, directing the Clerk to mail the summonses and Marshal 285 forms to Plaintiff for completion, and directing Plaintiff to return the completed forms to the Court within fifteen (15) days from the date the forms were mailed.  Doc. 6.  The docket reveals that the Clerk received completed forms on or about August 16, 2016, but noted that Plaintiff identified the wrong parties.  On August 16, 2016, the Clerk mailed Plaintiff new forms and information about serving a United States agency.

On October 26, 2016, the undersigned entered an Order to Show Cause against Plaintiff, indicating that she failed to timely serve the Commissioner and the other government entities, and directed her to show cause in writing on or before November 16, 2016, "why this case should not

be dismissed for failure to timely serve the Commissioner and the other government entities." Doc. 10. The undersigned admonished Plaintiff that "[f]ailure to timely respond to the Order to Show Cause will result in the dismissal of the case without further warning." *Id*. at 2. Plaintiff did not file a response to the Order to Show Cause.

On November 22, 2016, the undersigned entered a report recommending the case be dismissed for failure to serve all necessary parties. Doc. 11. On November 28, 2016, the Clerk discovered that it received completed summonses and Marshal 285 forms for the Attorney General and the United States Attorney for the Middle District of Florida, but it was unclear when these forms were mailed by Plaintiff or received by the Clerk. In light of this recent discovery, the undersigned determined that it was necessary to file an amended report.

## II. LAW.

A plaintiff must serve each defendant with a summons and copy of the complaint within 90 days of the complaint being filed with the Court. Fed. R. Civ. P. 4(m). The Court must, after providing plaintiff notice, dismiss the action without prejudice if the defendant is not served within 90 days of the complaint being filed. *Id*. The court, though, must extend the time to serve the complaint if the plaintiff shows good cause for not timely serving the complaint. *Id*. In a case such as this, the plaintiff must serve a copy of the summons and the complaint on the Attorney General, United States Attorney for the Middle District of Florida, and the Commissioner. Fed. R. Civ. P. 4(i); *see also Lazenberry v. Comm'r of Soc. Sec.*, Case No. 6:13-cv-303-18KRS, 2013 WL 1629289, at *3 (M.D. Fla. Mar. 28, 2013).

## III. ANALYSIS.

Plaintiff has failed to take the requisite steps to ensure all the necessary parties were timely served. The undersigned provided Plaintiff with an opportunity to demonstrate good cause why

she failed to timely serve all the necessary parties.  Doc. 10; *see* Fed. R. Civ. P. 4(m).  The time to respond to the Order to Show Cause has passed, and Plaintiff has not filed a response to the Order to Show Cause.  Therefore, Plaintiff has failed to demonstrate good cause for not timely serving all the necessary parties.

The Court may grant an extension of time to serve the necessary parties absent a showing of good cause.  *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007).  The undersigned, however, finds that no other circumstances warrant an extension of time.  The undersigned is mindful that dismissal of this action will, in all likelihood, preclude Plaintiff from further challenging the Commissioner's final decision.  Plaintiff has re-submitted summonses and Marshall 285 forms for the Attorney General and United States Attorney for the Middle District of Florida.  Plaintiff, however, has still failed to provide a summons and Marshal 285 form for the Commissioner.  Thus, Plaintiff has still not taken the necessary actions to ensure all the necessary parties will be served.  In light of the foregoing, the undersigned finds an extension of time would be futile.  Therefore, the undersigned, having considered the effect of dismissal, finds dismissal is appropriate under the circumstances of this case because there is no indication that Plaintiff would take the requisites steps necessary to ensure all the necessary parties would be served during the extended period for service.

**IV.   CONCLUSION.**

Accordingly, it is **RECOMMENDED** that:

1. The case be **DISMISSED** for failure to timely serve all necessary parties; and

2. The Clerk be directed to close the case.

**The Clerk is direct to mail this report to Plaintiff by regular and certified mail.**

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on December 7, 2016.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy